**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **vs.** ) | **CRIMINAL ACTION 09-00210-KD** |
| ) | |
| **CHARLES CLINTON GIBSON,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the court on Defendant's Motion to Dismiss (Doc. 13) and the Government's responses (Docs. 17, 18). Upon consideration the motion is DENIED.

The defendant has been charged with a violation of 18 U.S.C. 2250(a), failure to register pursuant to the Sex Offender Registration and Notification Act ("SORNA"). The defendant has argued the following four grounds for dismissal: 1) Because Alabama has not implemented SORNA requirements, Gibson has not been able to comply and thus this prosecution violates his due process rights; 2) SORNA is not applicable to Gibson because Alabama has not implemented SORNA requirements; 3) The prosecution of Gibson violates his due process rights because he was not notified that he must register in Alabama under SORNA; 4) Congress exceeded its powers under the Commerce Clause and the Necessary and Proper Clause when it enacted SORNA. Each of these grounds was recently addressed and rejected by the 11th Circuit in U.S. v. Brown, No. 08-17244, 2009 WL 3643477, (11th Cir. November 05, 2009). Accordingly, the motion to dismiss on these grounds is DENIED.[1]

---

[1] As to defendant's ground three, the court notes that the facts in Brown are distinguishable to the extent that Gibson has not admitted that he had actual knowledge that he

Gibson also argues as a basis of dismissal that because the Attorney General's regulation applying SORNA to previously convicted sex offenders was not promulgated in compliance with the Administrative Compliance Act, the regulation is invalid. As to this argument the court adopts the reasoning of U.S. v. Gould, 568 F.3d 459, 469-470 (4th Cir. 2009):

> The APA requires that notice of a proposed rule be given by publication in the Federal Register, 5 U.S.C. § 553(b), and that publication be accomplished in accordance with law "not less than 30 days before [the rule's] effective date, except . . . as otherwise provided by the agency for good cause found and published with the rule." id. § 553(d)(3). If the agency relies on the good cause exception, it must include a "brief statement" for finding that the notice and service are "impracticable, unnecessary, or contrary to the public interest." Id. § 553(b)(B). Judicial review requires that the good cause exception be construed narrowly. [ ]
>
> ***
>
> In this case, the Attorney General issued the Interim Regulations on February 28, 2007, without notice and comment, invoking the good cause exception. The Attorney General explained: "The immediate effectiveness of this rule is necessary to eliminate any possible uncertainty about the applicability of the Act's requirements—and related means of enforcement, including criminal liability under 18 U.S.C. § 2250 for sex offenders who knowingly fail to register as required—to sex offenders whose predicate convictions predate the enactment of SORNA. Delay in the implementation of this rule would impede the effective registration of such sex offenders and would impair immediate efforts to protect the public from sex offenders who fail to register through prosecution and the imposition of criminal sanctions. The resulting practical dangers include the commission of additional sexual assaults and child sexual abuse or exploitation offenses by sex offenders that could have been prevented had local authorities and the community been aware of their presence, in addition to

---

was supposed to register in Alabama. However, as in Brown there were sufficient circumstances to prompt Gibson to have inquired about his duty to register. Specifically, Gibson has admitted that he was convicted of a the offense of Sexual Abuse of a Minor and that he was ordered by the court to register as a sex offender. Also, Gibson has not disputed that he registered in Maine as a sex offender in August 2004. Moreover, as pointed to in Brown, the 1994 Jacob Wetterling Act which set national standards for sex offender registration as well as the immense media attention paid to the subject, provided further reason for inquiry by Gibson.

>greater difficulty in apprehending perpetrators who have not been registered and tracked as provided by SORNA. This would thwart the legislative objective of 'protect[ing] the public from sex offenders and offenders against children' by establishing 'a comprehensive national system for the registration of those offenders,' SORNA § 102, because a substantial class of sex offenders could evade the Act's registration requirements and enforcement mechanisms during the pendency of a proposed rule and delay in the effectiveness of a final rule." [ ]
>
> ***
>
>In the circumstances, we conclude that the Attorney General had good cause to invoke the exception to providing the 30-day notice. There was a need for legal certainty about SORNA's "retroactive" application to sex offenders convicted before SORNA and a concern for public safety that these offenders be registered in accordance with SORNA as quickly as possible. Delaying implementation of the regulation to accommodate notice and comment could reasonably be found to put the public safety at greater risk. In addition, the Attorney General did provide for and receive post-promulgation public comments, which were addressed in the proposed National Guidelines issued in May 2007 and ultimately in the final National Guidelines issued in July 2008.

<u>Id.</u>

Accordingly, the motion to dismiss is DENIED.

**DONE** and **ORDERED** this the 18th day of November, 2009.

> <u>/s / Kristi K. DuBose</u>
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**